entered May 11, 1926, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate, while riding as a passenger on one of defendant's trains stepped from the interior of the car in which he was riding, which was immediately next to the baggage car, onto the platform between the two cars and was thrown therefrom by a lurch of the train and killed. Plaintiff contended that defendant was guilty of negligence in having the vestibule doors open while the train was in motion.

*Thomas J. O' Neill, John Ambrose Goodwin* and *Leonard F. Fish* for appellant.

*Jacob Aronson, Thomas McCall* and *Alex. S. Lyman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

JOHN FIVES, Respondent, *v.* COMPAGNIE GENERALE TRANSATLANTIQUE, Appellant.

*Negligence — ships and shipping — longshoreman injured while clearing loading gear from ship — defective winch.*

*Fives* v. *Compagnie Generale Transatlantique*, 216 App. Div. 799, affirmed.

(Argued January 26, 1927; decided February 23, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 28, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. Plaintiff, a longshoreman who had been engaged in loading cargo on one of defendant's steamships and was clearing away the gear pre-

paratory to its sailing, was struck by a landing skid which had been hoisted preparatory to its removal to the dock and received the injuries complained of. It was contended that the accident was caused by a defect in the steam winch used for hoisting.

*Joseph P. Nolan, Edward J. Garity* and *Frank T. Hendl* for appellant.

*Harold R. Medina* and *Joseph Levy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WESTERN NEW YORK AND PENNSYLVANIA RAILWAY COMPANY, Respondent, *v.* THE STATE TAX COMMISSION, Appellant.

(Three Proceedings.)

*Tax — State — water and watercourses — riparian rights — railroads — franchise tax — State may not by legislation after it has parted with shores and bed of river destroy riparian rights without compensation — acquisition by State of strip of shore for canal crossing does not make river public navigable stream — right of railroad to erect bridge over non-navigable stream not a special franchise.*

1. The State cannot by means of statutes declaring a river navigable, enacted after it has parted by grant with title to the shore and bed thereof, diminish or destroy without compensation, rights of property of the riparian owners derived from such grants. Nor does the fact that the State thereafter became the proprietor of narrow strips of shore, where a canal prism crossed the river, result in making the river a public navigable stream in front of such strips, when it was in fact not navigable there for any purpose and at all other points was in private ownership.

2. The right of a railroad corporation, therefore, to erect its bridges across a river upon the right of way owned by it does not constitute a special franchise where the evidence sustains findings that the river is not and, in its natural state, never has been navigable for any purpose at the places where the bridges have been erected and in the stretches between them.

*People ex rel. Western N. Y. & Penn. Ry. Co. v. State Tax Comm.,* 215 App. Div. 728, affirmed.

(Argued January 24, 1927; decided March 1, 1927.)